UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:25-cr-465-WFJ-NHA

TAVALAS ANTUANE GAYE JR.

**NOTICE OF MAXIMUM PENALTIES,
ELEMENTS OF OFFENSE, AND FACTUAL BASIS**

The United States of America, by Gregory W. Kehoe, United States Attorney

for the Middle District of Florida, hereby files this Notice of Maximum Penalties,

Elements of Offense, and Factual Basis, stating as follows:

ESSENTIAL ELEMENTS

The essential elements of a violation of 21 U.S.C. § 841, distribution of

cocaine, as charged in Counts One, Two, and Three, are as follows:

First:      The defendant distributed a controlled substance as charged; and

Second:      The defendant did so knowingly and intentionally.

The essential elements of a violation of 18 U.S.C. § 922(g), possession of a

firearm or ammunition by a convicted felon, as charged in Count Four, are as

follows:

First:      The defendant knowingly possessed a firearm or ammunition in
or affecting interstate or foreign commerce;

Second:      Before possessing the firearm or ammunition, the defendant had
been convicted of a felony—a crime punishable by imprisonment
for more than one year; and

Third:        At the time of the charged act, the defendant knew that he had previously been convicted of a crime punishable by imprisonment for more than one year.

## PENALTY

The penalties for each of the offenses charged in Counts One, Two, and Three of the Indictment are a maximum term of imprisonment of 20 years, a fine of up to $1,000,000, a term of supervised release of at least 3 years, and a special assessment of $100.

The penalties for the offense charged in Count Four of the Indictment are a maximum term of imprisonment of 15 years, a fine of up to $250,000, a term of supervised release of up to 3 years, and a special assessment of $100 per.

Additionally, the defendant must forfeit property, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. §§ 853(a)(1) and (2), as outlined in the Indictment. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds the defendant obtained as a result of the offense, a Glock 30S .45 caliber pistol, and .45 caliber ammunition, which were involved in the violation.

## FACTUAL BASIS

On August 5, 2025, Tavalas Antuane Gaye Jr. arranged to sell cocaine to an undercover detective (the "UC") from the St. Petersburg Police Department. Later that day, Gaye directed the UC to a vehicle that Gaye was a passenger in. There, using other individuals in the vehicle, Gaye distributed a bag containing cocaine to the UC.

2

On August 12, 2025, the UC arranged to purchase cocaine from Gaye again. Gaye directed the UC to a store parking lot in St. Petersburg and told the UC to look for a person wearing a pink shirt. Agents surveilling Gaye observed a woman in a pink shirt meet with Gaye and then proceed directly to the parking lot to meet the UC. The woman in pink handed the UC a bag containing cocaine. Around that time, Gaye called the UC and told him to "give her the money." Agents surveilled the woman return directly to Gaye after meeting with the UC.

On August 25, 2025, the UC again arranged to purchase cocaine from Gaye. Gaye directed the UC to the same store parking lot and sent a man in a grey shirt to meet the UC. The man in grey delivered a bag of cocaine to the UC.

On August 29, 2025, agents executed a search warrant at 999 MLK Street South, Apt. 1—the residence where Gaye had been seen directing the distribution of cocaine on August 12th and August 25th. Gaye was inside the residence when agents arrived to execute the warrant. In a post-*Miranda* statement given to law enforcement, Gaye identified the northeast bedroom as the room he had been sleeping in. Inside that room, agents located three firearms, including a Glock 30S .45 caliber pistol that was loaded with .45 caliber ammunition. The Glock was found on a nightstand near the bed where Gaye had been sleeping. An agent from the ATF examined the Glock and determined it was manufactured outside the state of Florida. Gaye admitted to agents that he was, and knew that he was, a convicted felon.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    /s/ David P. Sullivan
       David P. Sullivan
       Assistant United States Attorney
       Florida Bar No. 0111166
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602-4798
       Telephone: (813) 274-6000
       Facsimile: (813) 274-6358
       E-mail: David.Sullivan3@usdoj.gov

**U.S. v. Tavalas Antuane Gaye Jr.**          **Case No. 8:25-cr-465-WFJ-NHA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

<div style="margin-left:45%">

*/s/ David P. Sullivan*
David P. Sullivan
Assistant United States Attorney
Florida Bar No. 0111166
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: David.Sullivan3@usdoj.gov

</div>