**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No. 8:25-cr-00465-WFJ-NHA**

**TAVALAS ANTUANE GAYE, JR.**
**___________________________________/**

**SENTENCING MEMORANDUM IN SUPPORT OF A DOWNWARD VARIANCE**

When he lived in Tampa, Tavalas Gaye describes driving back to St. Petersburg each morning to have breakfast with his grandmother and check on her needs. She had helped raise him through his parents' absences. As she grew older, he wanted to return that care. His cousin Malik Brinson describes the companionship and daily support Mr. Gaye provided to their grandmother. His criminal conduct has now taken him away from the family he wanted to support. Ex. A at 3; PSR ¶¶ 62, 65.

Mr. Gaye asks the Court to impose a total sentence of 46 months. He requests three Guidelines rulings: remove the two-level aggravating-role adjustment; reduce the firearm base offense level from 20 to 14 because the alleged large-capacity magazine is unproven; and apply two levels for three firearms instead of four levels for eight. Those rulings produce a total offense level of 19. He then requests a variance equivalent to two offense levels for his upbringing and personal circumstances and a variance using Criminal History

Category V because Category VI overstates his record. The resulting benchmark is level 17, Category V, or 46–57 months. A sentence of 46 months accounts for his offenses, the circumstances behind his criminal-history score, and the person described in the family letters.

Mr. Gaye pleaded guilty to all four counts without a written plea agreement: three cocaine-distribution counts and possession of a firearm and ammunition by a convicted felon. The PSR recognizes his timely acceptance of responsibility. PSR ¶¶ 7, 23, 37–38. He accepts responsibility for those crimes and asks the Court to resolve the disputed sentencing facts before determining the sentence that is sufficient, but not greater than necessary, under 18 U.S.C. § 3553(a).

## I. The three Guidelines objections produce a total offense level of 19

The final PSR applies the 2025 Guidelines Manual and calculates a total offense level of 29. PSR ¶¶ 24, 39. The government must prove disputed sentencing facts by a preponderance of reliable and specific evidence. *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009).

### A. The evidence must establish authority over another participant

The two-level adjustment in PSR ¶ 33 rests on the assertion that Mr. Gaye used others to sell cocaine on his behalf. Section 3B1.1(c) requires that he organized, led, managed, or supervised at least one other participant. USSG

§3B1.1 cmt. n.2. Arranging transactions or managing drugs does not, without more, establish authority over people. *Martinez*, 584 F.3d at 1026–29. Although *Martinez* addressed the four-level adjustment, its distinction between coordinating transactions and exercising authority over another participant applies to the common role requirement.

The defense disputes the account of Mr. Gaye's presence in the vehicle on August 5 and the asserted observation that he directed UIC2 on August 25. PSR Def. Obj. at 1–2, 4. The August 12 account presents the closer question: Mr. Gaye allegedly instructed the undercover officer to tell UIC1 to come directly to him after the sale, and officers observed an exchange. PSR ¶ 11. That communication must be evaluated in context to determine whether it reflects managerial authority or coordination among participants. The addendum asserts recruitment and decision-making authority, but the relationship underlying those conclusions remains disputed. PSR Add. at 1. The defense requests findings identifying the participant supervised and the evidence of authority over that person. Absent that proof, the adjustment should be removed, reducing the total offense level from 29 to 27.

**B. The disputed magazine does not establish the higher base offense level**

PSR ¶ 28 assigns a base offense level of 20 under §2K2.1(a)(4)(B) because the Glock 30S allegedly had a loaded extended magazine. Mr. Gaye specifically

denies that description. PSR Def. Obj. at 2–3. Application Note 2 requires a magazine capable of accepting more than fifteen rounds attached to, or in close proximity to, the semiautomatic firearm at the time of the offense. The capacity of the recovered magazine and its relationship to the firearm are the relevant facts; the word "extended" does not establish them. The defense does not contend that a qualifying magazine must have been fully loaded or physically attached.

The PSR supplies no magazine capacity, and the addendum states that the government will present evidence at sentencing. PSR ¶¶ 14, 28; PSR Add. at 2. The government must identify the magazine and establish its capacity and attachment or proximity. If it relies on a different firearm, it must identify that firearm and prove the applicable facts. Without proof supporting a higher base offense level, the prohibited-person base offense level is 14 under §2K2.1(a)(6)(A). That six-level correction, following removal of the role adjustment, reduces the total offense level from 27 to 21.

### C. Three attributable firearms warrant a two-level increase

The final PSR assigns four levels for eight firearms under §2K2.1(b)(1)(B). PSR ¶ 29. Mr. Gaye acknowledges the three firearms in the northeast bedroom associated with him and disputes possession of the five recovered elsewhere. The PSR places four additional firearms inside a

backpack in a closet in the northwest bedroom and a fifth in a cardboard box. PSR ¶¶ 14–15; PSR Def. Obj. at 2–3. Three firearms warrant two levels under §2K2.1(b)(1)(A), reducing the enhancement by two levels.

Constructive possession requires ownership, dominion, or control, or the power and intent to exercise control; presence or awareness alone is insufficient. *United States v. Beckles*, 565 F.3d 832, 841 (11th Cir. 2009). The addendum relies on access to both bedrooms and the ability to exercise control over the other firearms later. PSR Add. at 3. Access is relevant circumstantial evidence, but the ability to enter another room does not itself resolve knowing control over its contents. The Court should require proof of possession of those particular firearms or another basis for attribution under §1B1.3. On the disputed record, the defense requests attribution of three firearms. After the preceding corrections, this ruling reduces the total offense level from 21 to 19.

**D. The corrected calculation yields level 19 before the variances**

The calculation is a base offense level of 14, plus two levels for three firearms, plus the existing two-level stolen-firearm increase and four-level other-felony increase, with no role adjustment. The adjusted subtotal is 22. Subtracting the PSR's three levels for acceptance of responsibility produces a total offense level of 19. PSR ¶¶ 28–39. This calculation retains the PSR's grouping approach and the other-felony increase for purposes of the present

request; Mr. Gaye preserves his remaining written objections. At level 19 and Category VI, the advisory range is 63–78 months. USSG Ch. 5, Pt. A.

## II. Category V better reflects the criminal history requiring punishment

The final PSR assigns fourteen criminal-history points and Category VI. PSR ¶¶ 54–55. A closer examination shows a record concentrated in early adulthood, with several point assessments materially affected by revocation sentences. Mr. Gaye asks for a variance using Category V because it better accounts for the seriousness and structure of that history while continuing to give substantial weight to his repeated offending.

All of the scored prior offenses arose from conduct between ages nineteen and twenty-two. Eight of the fourteen points trace to conduct committed at nineteen: the unoccupied-vehicle burglary, drug-possession case, July 2018 vehicle-theft case, and Charlotte County vehicle-theft case. Although the Charlotte County entry lists an arrest at twenty, its underlying conduct occurred in June 2018, when he was nineteen. PSR ¶¶ 45–48. The remaining six points arise from conduct at twenty-one and twenty-two. PSR ¶¶ 51–53. His juvenile adjudications receive no points. PSR ¶¶ 41–43. The scored adult conduct warrants consideration in its developmental and sentencing context.

Six points come from two cases in which later revocation imprisonment increased the sentencing consequences. The 2018 drug-possession case

initially resulted in probation; subsequent revocations produced the imprisonment aggregated for its three-point assessment. The Charlotte County vehicle-theft case initially resulted in eight months in jail followed by probation, with later revocation imprisonment contributing to its three-point assessment. PSR ¶¶ 46, 48. Those violations expanded the overall sentence even with minor conduct violations, including failures to report and comply with drug-testing requirements. Their contribution to the score also explains why the point total does not, by itself, fully describe the seriousness of the original offenses or the sequence of punishment.

The later entries likewise require context. The PSR reports three thirty-six-month sentences imposed on June 22, 2022, with the same June 28, 2024 release date. It correctly treats the two 2020 offenses as a single sentence for scoring and separately scores the 2021 vehicle theft. PSR ¶¶ 51–53. The resulting six points must be evaluated against that actual sentencing chronology. The longest individual prison term reported in the PSR is thirty-six months. The requested 46-month sentence would exceed that term by ten months.

The defense recognizes the danger in the fleeing and crash conduct, as well as the failure of earlier sanctions to prevent new offenses. PSR ¶¶ 51–52. Mr. Gaye committed the present crimes at twenty-six, approximately fourteen months after release from state prison. Those facts justify substantial

incarceration. A one-category variance nevertheless gives a more proportionate account of the concentrated prior conduct, the effect of revocations, and the sentences previously imposed. Category V still assigns substantial weight to his prior record: at the corrected level 19, it yields 57–71 months.

This is a variance request under § 3553(a), independent of the remaining criminal-history scoring objection. The Court may therefore account for overstatement through § 3553(a) even if the properly calculated category remains VI.

## III. Mr. Gaye's history and circumstances support a further two-level variance

Mr. Gaye's personal history provides a separate basis for a further variance equivalent to two levels. His childhood included love and material support, especially from his mother and grandmother. It also included repeated separation from his parents. His father was inconsistently present, and his mother's absence disrupted his schooling and living arrangements during adolescence. The PSR describes moves among relatives, attendance at multiple high schools, and the strain of feeling responsible for himself and his sister. PSR ¶¶ 61–63, 72. These disruptions help explain the limited guidance available during the years leading into the concentrated criminal history.

His grandmother supplied continuity. His mother describes the pressure he felt to care for his younger sister and grandmother after she became

unavailable. His cousin describes the care and companionship he provided as their grandmother's health declined. Her recent serious injuries and vision problems are also documented as reported family circumstances in the PSR. Ex. A; PSR ¶ 62. These relationships show his capacity to care for others and give substance to his regret over the consequences of his conduct.

His letter acknowledges the difference between wanting to help and being equipped to do so: "I wanted to be someone they could depend on, but when my family needed me, I was not emotionally or mentally prepared for the responsibility I felt." Ex. B. He also expressly accepts responsibility for his decisions as an adult. That acknowledgment allows the Court to consider the effects of parental absence and family pressure without treating those circumstances as an excuse.

The PSR reports depression since his teenage years and little treatment, along with his earlier skepticism that counseling would help. PSR ¶ 68. His letter identifies a need for guidance and structure, and he recognizes that change must be demonstrated through conduct. The defense asks that appropriate assessment and services be available to address his needs. His acknowledgment is a beginning; the request does not depend on a claim of completed rehabilitation.

The available support gives that beginning a practical foundation. His aunt confirmed family support and a home to which he could return. He has

expressed interest in relocating and in commercial-driving, electrical, and HVAC training. PSR ¶¶ 65, 74. His letter emphasizes honest employment, self-sufficiency, and the sustained effort required to change. His employment history is limited, making vocational preparation particularly relevant. PSR ¶ 75. Together, the disruption of his upbringing, reported depression, demonstrated care for family, and vocational goals support a variance equivalent to two offense levels. That request addresses his personal history and character, while the Category V request addresses the weight of his prior sentences. Applied to the corrected level of 19, the additional variance produces a level-17 benchmark.

**IV. A sentence of 46 months satisfies the purposes of sentencing**

The Court must begin with the correctly calculated advisory range and then make an individualized assessment under § 3553(a). *Gall v. United States*, 552 U.S. 38, 49–50 (2007); USSG §1B1.1(b). The three objections concern the correct Guidelines calculation. The Category V benchmark and further two-level reduction describe the requested variance under § 3553(a); they do not change the formal criminal-history score or create additional Guidelines adjustments. The cumulative effect is as follows.

| **Calculation or benchmark** | **Level** | **Category** | **Range in months** |
|---|---|---|---|
| Final PSR | 29 | VI | 151–188 |
| Remove role adjustment | 27 | VI | 130–162 |
| Reduce base level to 14 | 21 | VI | 77–96 |
| Reduction to 3 firearms involved | 19 | VI | 63–78 |
| Criminal-history variance | 19 | V | 57–71 |
| Further two-level variance | 17 | V | 46–57 |

The requested sentence is 46 months, the bottom of the final variance benchmark. Once the three objections are sustained, the variance is from a correctly calculated range of 63–78 months. The grounds for that variance are the overstatement of criminal history and the personal mitigation developed above.

Forty-six months is three years and ten months of imprisonment. It exceeds the longest individual sentence in Mr. Gaye's record and imposes substantial punishment for cocaine distribution and unlawful firearm possession. A term longer than his prior individual sentences, followed by supervision and appropriate conditions, addresses those concerns while giving effect to the circumstances the criminal-history score does not capture. The defense also requests recommendations for vocational training and

appropriate assessment and treatment during custody; the prison term itself is justified by punishment, deterrence, and public protection.

A 46-month sentence gives meaningful effect to the early-adult concentration of his prior conduct, the operation of revocation scoring, and the personal circumstances described above. It holds Mr. Gaye accountable while preserving a realistic opportunity to return to his family with the skills and structure needed to live differently.

## CONCLUSION

Mr. Gaye respectfully requests that the Court sustain the objections to the two-level role adjustment, the base offense level of 20, and the four-level firearm-number increase. Applying base level 14, two levels for three firearms, the remaining increases, and the existing acceptance reduction produces total offense level 19. He then requests a variance equivalent to two levels for his upbringing, character, and circumstances, together with a variance using Category V for criminal history. The resulting level-17, Category-V benchmark is 46–57 months. He requests concurrent terms of 46 months on Counts One through Four, for a total term of 46 months of imprisonment.

Dated this 13th day October 2026.

Respectfully submitted,

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

/s/ Ryan J. Maguire
Ryan J. Maguire
Assistant Federal Defender
Florida Bar No. 117534
400 North Tampa St., Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: ryan_maguire@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 13, 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to David P. Sullivan, Assistant United States Attorney.

/s/ Ryan J. Maguire
Ryan J. Maguire
Assistant Federal Defender